


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RICHARD ACOSTA,
Plaintiff,
v.
AUDREY KING, EXECUTIVE DIRECTOR OF COALINGA STATE HOSPITAL, et al.,
Defendants.

Case No. EDCV 14-2113

ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE TRANSFERRED TO EASTERN DISTRICT OF CALIFORNIA

On October 14, 2014, plaintiff, who is proceeding *pro se* and is currently a civil detainee at the Coalinga State Hospital pursuant to California's Sexually Violent Predator Act ("SVPA"),[1] filed a Motion to File Civil Rights Complaint *In Forma Pauperis* ("IFP Application") and lodged a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the Central District of California ("CDCA").

Federal law provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the

[1]Cal. Welf. & Inst. Code §§ 6600, et seq.

events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, as provided above, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). When a case is filed in the wrong district or division, the district court in which such case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may also transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). The Court has authority on its own motion to decide the venue issue and to dismiss or transfer the action before a responsive pleading is filed. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff names as defendants multiple officials with the Coalinga State Hospital (Complaint at 1), which is located in Coalinga, California, in Fresno County, within the boundaries of the Eastern District of California ("EDCA"). 28 U.S.C. § 84(b). The Complaint does not allege that any defendant resides in the CDCA. The Complaint, construed liberally, appears to allege that defendants deprived plaintiff of his constitutional rights under the Fourteenth Amendment by (1) subjecting him to an irrational assessment method in prohibiting him from taking part in outpatient treatment; (2) depriving him of adequate treatment; (3) depriving him of the benefit of outpatient treatment afforded to similarly situated individuals; and (4) subjecting him to excessively restrictive conditions. (Complaint at 9-10). Plaintiff allegedly suffered the foregoing deprivations while detained at Coalinga State Hospital (Complaint at 2, 9-10) – a facility that, again, is located within the boundaries of the EDCA. 28 U.S.C. § 84(b).

///

///

Plaintiff alleges that venue is proper in the CDCA because he formerly resided in the CDCA and was committed under the SVPA in San Bernardino County Superior Court, which is within the CDCA. (Complaint at 1; IFP Application at 1). However, in light of the location of the defendants and the apparent fact that the substantial part of the events giving rise to plaintiff's claims actually occurred in the EDCA and not in the CDCA, it appears that venue is proper in the EDCA, not the CDCA. Alternatively, even assuming venue is proper in both the CDCA and the EDCA, it appears that for the convenience of the parties and witnesses, it would be in the interest of justice to transfer this matter to the EDCA where apparently all of the parties are currently located.

IT IS THEREFORE ORDERED that if plaintiff objects to the transfer of this action to the United States District Court for the EDCA, he shall file any such objections within twenty (20) days of the date of this Order. The objections shall show cause, if any, why this action should not be transferred to the EDCA on the grounds specified above. The failure timely to file any such objections will be construed as consent to the transfer of this action to the EDCA.

The Clerk is directed to mail a copy of this Order to plaintiff.

IT IS SO ORDERED.

Dated: October 16, 2014

/s/

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE